**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NEPHROGENEX, INC., | Case No. 16-11074 (KG) |
| Debtor.[1] | **Related to Docket No. 320** and 368 |

**ORDER (A) APPROVING DISCLOSURE STATEMENT; (B) SCHEDULING HEARING ON CONFIRMATION OF PLAN; (C) ESTABLISHING DEADLINES AND PROCEDURES FOR (I) FILING OBJECTIONS TO CONFIRMATION OF PLAN, (II) CLAIM OBJECTIONS AND (III) TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES; (D) DETERMINING TREATMENT OF CERTAIN UNLIQUIDATED, CONTINGENT OR DISPUTED CLAIMS FOR NOTICE, VOTING AND DISTRIBUTION PURPOSES; (E) SETTING RECORD DATE; (F) APPROVING (I) SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION, (II) FORM OF NOTICE OF HEARING ON CONFIRMATION AND RELATED MATTERS AND (III) FORMS OF BALLOTS; (G) ESTABLISHING VOTING DEADLINE AND PROCEDURES FOR TABULATION OF VOTES; AND (H) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of NephroGenex, Inc., the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor") for entry of an order, pursuant to sections 105(a), 1125, 1126 and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 3003, 3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) approving a disclosure statement; (b) scheduling a hearing on confirmation of a plan; (c) establishing deadlines and procedures for (i) filing objections to

[1] The last four digits of the Debtor's federal tax identification number are 5171. The mailing address for the Debtor is P.O. Box 400, Jamison, Pennsylvania 18929.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

confirmation of the plan, (ii) claim objections, and (iii) temporary allowance of claims for voting purposes; (d) determining the treatment of certain unliquidated, contingent or disputed claims for notice, voting and distribution purposes; (e) setting a record date; (f) approving (i) solicitation packages and procedures for distribution, (ii) the form of notice of the hearing on confirmation and related matters and (iii) forms of ballots; (g) establishing a voting deadline and procedures for tabulation of votes; and (h) granting related relief; and the Debtor having filed the Plan Of Reorganization Pursuant To Chapter 11 Of The Bankruptcy Code Proposed By The Debtor [Docket No. 366] (as may be amended, supplemented or otherwise modified, the "Plan") and the Disclosure Statement With Respect To Plan Of Reorganization Pursuant To Chapter 11 Of The Bankruptcy Code Proposed By The Debtor [Docket No. 367] (the "Disclosure Statement"); and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and all objections to the Disclosure Statement having been withdrawn or overruled for the reasons stated on the record at the hearing to consider approval of the Disclosure Statement and on the Motion; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its creditors and all other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED.

2. The Disclosure Statement is hereby APPROVED in all respects pursuant to 11 U.S.C. § 1125 and Fed. R. Bankr. P. 3017(b).

3. Confirmation Hearing Date. The hearing (the "Confirmation Hearing") to consider confirmation of the Plan shall commence on **May 10, 2017 at 10:00 a.m. (Eastern Time)** (the "Confirmation Hearing Date"), or as soon thereafter as counsel can be heard before the Honorable Kevin Gross, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom No. 3, Wilmington, Delaware 19801. The Confirmation Hearing may be continued from time to time by way of announcement of such continuance in open court or otherwise, without further notice to parties in interest.

4. Deadline and Procedures for Filing Objections to Confirmation. The deadline for filing and serving objections to confirmation of the Plan (the "Plan Objection Deadline") shall be **April 27, 2017 at 4:00 p.m. (Eastern Time)**. In order to be considered, objections, if any, to confirmation of the Plan must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtor, its estate or property; (d) state with particularity the legal and factual bases and nature of any objection to the Plan; and (e) be filed with the Court, and served on the following parties (collectively, the "Notice Parties"), so as to be received on or before the Plan Objection Deadline: (i) Debtor's counsel, Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801 (Attn: David R. Hurst, Esq.); and (ii) the Office of the United

States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Mark Kenney, Esq.). Confirmation objections shall be filed and served so as to be received by the Notice Parties no later than the Plan Objection Deadline.

5. Objections to confirmation of the Plan not timely filed and served in accordance with the provisions of the prior paragraph may not be considered by the Court and may be overruled.

6. Deadline for Objections to Claims for Voting Purposes Only. The deadline for filing and serving objections to claims that may affect the tabulation of votes on the Plan shall be **March 31, 2017 at 4:00 p.m. (Eastern Time)** (the "Claims Objection Deadline"). Claim objections filed after the Claims Objection Deadline shall not affect a claim holder's right to vote on the Plan. Such Claims Objection Deadline shall not apply to claim objections which may be asserted for purposes other than voting on the Plan.

7. In order to be considered, Claims Objections must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) state the name and address of the party asserting the Claims Objection; (d) state with particularity the legal and factual bases for the Claims Objection; and (e) be filed with the Court, and served on the Notice Parties, so as to be received no later than the Claims Objection Deadline. Claims Objections not timely filed and served in accordance with the foregoing provision may not be considered by the Court and may be overruled.

8. Deadline and Procedures for Temporary Allowance of Claims for Voting Purposes. The deadline for filing and serving motions pursuant to Bankruptcy Rule 3018(a) seeking temporary allowance of claims for the purpose of accepting or rejecting the Plan ("Rule

3018(a) Motions") shall be **April 14, 2017 at 4:00 p.m. (Eastern Time)** (the "Rule 3018(a) Motion Deadline").

9. In order to be considered, Rule 3018(a) Motions must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) state the name and address of the party asserting the Rule 3018(a) Motion; (d) state with particularity the legal and factual bases for the Rule 3018(a) Motion; and (e) be filed with the Court, and served on the Notice Parties, so as to be received no later than the Rule 3018(a) Motion Deadline. Rule 3018(a) Motions not timely filed and served in accordance with the foregoing provision may not be considered by the Court and may be overruled.

10. Any party timely filing and serving a Rule 3018(a) Motion shall be provided a Ballot (as defined below) and shall be permitted to cast a provisional vote to accept or reject the Plan, pending a final determination by the Court. If, and to the extent that, the Debtor and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Confirmation Hearing, such Rule 3018(a) Motion shall be considered by the Court at the Confirmation Hearing, and the Court shall determine whether the provisional ballot should be counted as a vote on the Plan, and, if so, the amount, if any, in which the party filing the Rule 3018(a) Motion will be entitled to vote.

11. Treatment of Certain Unliquidated, Contingent or Disputed Claims for Notice, Voting and Distribution Purposes. Pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002(a)(7) and 3003(c)(2) and this Court's order [Docket No. 66] (the "Bar Date Order") establishing certain deadlines (the "Bar Dates") for filing proofs of claim against the Debtor, including a general Bar Date, Governmental Bar Date and Rejection Bar Date (as such terms are defined in the Bar Date Order), any creditors whose claims (a) are scheduled in

the Debtor's schedules of assets and liabilities (as the same may be amended, the "Schedules") as disputed, contingent or unliquidated and which are not the subject of a timely-filed proof of claim, or a proof of claim deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law; or (b) are not scheduled and are not the subject of a timely-filed proof of claim, or a proof of claim deemed timely filed with the Bankruptcy Court pursuant to either the Bankruptcy Code or any order of the Court, or otherwise deemed timely filed under applicable law (collectively, the "Non-Voting Claims"), shall be denied treatment as creditors with respect to such claims for purposes of (a) voting on the Plan, (b) receiving distributions under the Plan and (c) receiving notices, other than by publication, regarding the Plan.

12. Voting Procedures. For purposes of voting, the amount of a claim used to calculate acceptance or rejection of the Plan under section 1126 of the Bankruptcy Code shall be determined in accordance with the following hierarchy:

a. if an order has been entered by the Court determining the amount of such claim, whether pursuant to Bankruptcy Rule 3018 or otherwise, then in the amount prescribed by the order;

b. if no such order has been entered, then in the liquidated amount contained in a timely-filed proof of claim that is not the subject of an objection as of the Claims Objection Deadline; and

c. if no such proof of claim has been timely filed, then in the liquidated, noncontingent and undisputed amount contained in the Debtor's Schedules.

13. For purposes of voting, the following conditions shall apply to determine the amount and/or classification of a claim:

a. if a claim is partially liquidated and partially unliquidated, such claim shall be allowed for voting purposes only in the liquidated amount;

b. if a scheduled or filed claim has been paid, such claim shall be disallowed for voting purposes; and

c. the holder of a timely-filed proof of claim that is filed in a wholly unliquidated, contingent, disputed and/or unknown amount, and is not the subject of an objection as of the Claims Objection Deadline, is entitled to vote in the amount of $1.00.

14. Record Date. The record date for purposes of determining (a) creditors and equity holders entitled to receive Solicitation Packages and related materials, if any, and (b) creditors entitled to vote to accept or reject the Plan and the creditors' corresponding claims, shall be **March 20, 2017** (the "Record Date").

15. Notice and Transmittal of Solicitation Packages Including Ballots and Non-Voting Packages. On or before March 30, 2017 (the "Service Deadline"), the Debtor shall mail or cause to be mailed by first-class mail to all of its known creditors and equity security holders, as reflected in the Debtor's books and records, and all other entities required to be served under Bankruptcy Rules 2002 and 3107, notice of, *inter alia*, the Confirmation Hearing substantially in the form attached hereto as Exhibit A (the "Confirmation Hearing Notice"), which form is hereby approved.

16. Non-Voting Packages. The Debtor shall mail or cause to be mailed by first-class mail to (a) holders of claims in Class 1 (Miscellaneous Secured Claims) and Class 2 (Priority Non-Tax Claims) under the Plan, which classes are unimpaired, are deemed to have accepted the Plan and are not entitled to vote, a copy of the Notice Of Non-Voting Status With Respect To Unimpaired Classes, substantially in the form attached hereto as Exhibit B-1; and (b) holders of claims or interests in Class 5 (Subordinated 510(c) Claims), Class 6 (Subordinated 510(b) Claims) and Class 7 (Interests) under the Plan, which classes are impaired, are deemed to have rejected the Plan and are not entitled to vote, a copy of the Notice Of Non-Voting Status

With Respect To Impaired Classes, substantially in the form attached hereto as Exhibit B-2 (each a "Non-Voting Notice" and, each Non-Voting Notice together with the Confirmation Hearing Notice, a "Non-Voting Package"). The Notice Of Non-Voting Status With Respect To Unimpaired Classes, substantially in the form of Exhibit B-1, and the Notice Of Non-Voting Status With Respect To Impaired Classes, substantially in the form of Exhibit B-2, are hereby approved. Further, the Non-Voting Packages are hereby deemed to constitute adequate alternative disclosure statements to impaired non-voting classes under section 1125(c) of the Bankruptcy Code and summary plans under Bankruptcy Rule 3017(d).

17. Solicitation Packages. The Debtor shall mail or cause to be mailed by first-class mail to holders of claims in Class 3 (General Unsecured Claims) and Class 4 (the Medpace Claim) under the Plan, who are entitled to vote on the Plan, an information and solicitation package (the "Solicitation Package"). The Solicitation Package shall contain copies or conformed printed versions of: (i) the Disclosure Statement, including a copy of the Plan as an Exhibit; (ii) a copy of the Solicitation Procedures Order (without exhibits); (iii) the Confirmation Hearing Notice; and (iv) a copy of IRS Form W-9. In addition, each Solicitation Package also shall contain a ballot (and a pre-addressed return envelope) appropriate for the specific creditor, in substantially the form of the proposed ballots attached hereto as Exhibit C-1 and Exhibit C-2 (as such ballots may be modified and with instructions attached to thereto, the "Ballots"), which forms of Ballots are hereby approved.

18. Creditors holding (i) unclassified claims or unimpaired claims and also (ii) claims in impaired Class 3 shall receive only the Solicitation Package appropriate for such impaired class; and creditors who have filed duplicate claims in Class 3 (i) shall receive only one



55151/0001-14261826v2

Solicitation Package and one Ballot for voting their claims with respect to such class; and (ii) shall be entitled to vote their claim only once with respect to such class.

19. When No Notice or Transmittal Necessary. Notwithstanding any provision of this Order to the contrary, no notice or service of any kind shall be required to be made upon any person or entity to whom the Debtor mailed a notice of the meeting of creditors under section 341 of the Bankruptcy Code, notice of the bar date for filing proofs of claim or notice of the previously scheduled confirmation hearing and received any of such notices returned by the United States Postal Service marked "undeliverable as addressed," "moved–left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtor has been informed in writing by such person or entity of its new address.

20. The Debtor shall not re-mail undelivered Solicitation Packages or other undeliverable solicitation-related notices that were returned marked "undeliverable as addressed," "moved–left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtor has been informed in writing by such person or entity of its new address.

21. Publication Notice. The Debtor shall publish notice of the Confirmation Hearing, substantially in the form attached hereto as Exhibit D, once within ten (10) business days after the entry of the Solicitation Procedures Order in the national edition of *The Wall Street Journal*, *The New York Times* or *USA Today*.

22. Voting Deadline. To be counted, Ballots for accepting or rejecting the Plan must be received by the Voting Agent by **4:00 p.m. (Pacific Time) on April 28, 2017** (the "Voting Deadline"). The Debtor is hereby authorized to extend, in its sole discretion, by oral or

written notice to the Voting Agent, the period of time during which Ballots will be accepted for any reason from any creditor or class of creditors.

23. Procedures for Vote Tabulation; Votes Counted. Any Ballot that is properly executed and timely received, and that is cast as either an acceptance or rejection of the Plan, shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan. The failure of a holder of a claim in Class 3 or Class 4 to timely deliver an executed Ballot shall be deemed to constitute an abstention by such holder with respect to voting on the Plan, and such abstention will not be counted as a vote for or against the Plan.

24. For purposes of voting, classification and treatment under the Plan, at the election of the Debtor, (i) each holder of a claim that holds or has filed more than one claim against the Debtor in an impaired class shall be treated as if such holder has only one claim against the Debtor in each applicable class; and (ii) the claims filed by such holder against the Debtor shall be aggregated in each applicable class.

25. For purposes of the Record Date, no transfer of claims pursuant to Bankruptcy Rule 3001 shall be recognized unless either (i) (a) documentation evidencing such transfer was filed with the Court on or before twenty-one (21) days prior to the Record Date and (b) no timely objection with respect to such transfer was filed by the transferor; or (ii) the parties to such transfer waived the twenty-one (21) day period in the evidence of transfer and the evidence of transfer was docketed prior to the Record Date.

26. Procedures for Vote Tabulation; Votes Not Counted. Unless otherwise ordered by the Court after notice and a hearing, the following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

a. any Ballot received after the Voting Deadline (as extended by the Debtor as provided herein);

b. any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

c. any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

d. any Ballot cast for a claim scheduled as contingent, unliquidated or disputed or as zero or unknown in amount and for which no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline;

e. any Ballot that indicates neither an acceptance nor a rejection, or indicates both an acceptance and rejection, of the Plan;

f. any Ballot that casts part of its vote in the same class to accept the Plan and part to reject the Plan;

g. any form of Ballot other than the official form sent by the Voting Agent, or a copy thereof;

h. any Ballot received that the Voting Agent cannot match to an existing database record;

i. any Ballot that does not contain an original signature; or

j. any Ballot that is submitted by facsimile, email or by other electronic means.

27. Neither the Debtor, the Voting Agent nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to delivered Ballots. Rather, the Voting Agent may either disregard, with no further notice, defective Ballots, or it may attempt to have defective Ballots cured.

28. Withdrawal of Vote. Any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw, subject to the Debtor's right to contest the validity of such withdrawal, such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. A notice of withdrawal, to be valid, shall (a) contain the description of the claim(s) to which it relates and the aggregate principal amount represented by such claim(s), (b) be signed by the withdrawing party in the

same manner as the Ballot being withdrawn, (c) contain a certification that the withdrawing party owns the claim(s) and possesses the right to withdraw the Ballot sought to be withdrawn, and (d) be timely received by the Voting Agent prior to the Voting Deadline.

29. Changing Votes. Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots are cast voting the same claim(s) prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus supersede any prior Ballots, without prejudice to the Debtor's right to object to the validity of the later Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first dated Ballot for all purposes.

30. No Division of Claims or Votes. A creditor who votes must vote the full amount of each claim voted either to accept or reject the Plan; and each creditor who votes and holds multiple claims within a particular class must vote all such claims to either accept or reject the Plan. The Ballots of creditors failing to vote in the manner specified in this paragraph shall not be counted for any purpose.

31. Classes Deemed to Reject. The holders of claims in Classes 5, 6 and 7 shall be deemed to have rejected the Plan, and the Debtor is not required to solicit votes on the Plan from such holders.

32. Certification of Vote. The Voting Agent shall file its voting certification (the "Voting Certification") on or before **May 4, 2017**. The Debtor shall serve such Voting Certification on all parties having requested notice in the Chapter 11 Case pursuant to Bankruptcy Rule 2002, and post such Voting Certification on the Debtor's case website (http://www.kccllc.net/nephrogenex) as soon as practicable after the Voting Certification is filed.

33. Filing of Plan Supplement(s). The Debtor shall file any Plan Supplement(s) on or before **April 21, 2017**, and shall post any such Plan Supplement(s) on the Debtor's case website.

34. Contract Assumption Procedures. On or before the Service Deadline, the Debtor shall mail or cause to be mailed by first-class mail to all non-Debtor counterparties to contracts and leases that may be assumed under the Plan (collectively, the "Counterparties"), the Notice of Potential Assumption of and Cure Amounts With Respect To Executory Contracts and Unexpired Leases of the Debtor substantially in the form attached hereto as Exhibit E (the "Assumption Notice"), which form is hereby approved.

35. The Assumption Notice shall include, without limitation, the cure amount (each, a "Cure Amount"), if any, that the Debtor believes is required to be paid to the applicable Counterparty under sections 365(b)(l)(A) and (B) of the Bankruptcy Code for each of the contracts and leases listed on Exhibit 1 to the Assumption Notice (collectively, the "Assumed Contracts"). If a Counterparty objects to (i) the reorganized Debtor's ability to assume an Assumed Contract or (ii) the Cure Amount for such Assumed Contract, the Counterparty must file with the Court and serve on the Notice Parties a written objection (a "Contract Objection"), according to the procedures set forth below.

36. Any Contract Objection shall: (i) be made in writing; (ii) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (iii) state the name and address of the objecting party and the nature and amount of any claim or interest asserted by such party against the Debtor, its estate or property; (iv) state with specificity the grounds for such objection, including, without limitation, the fully liquidated cure amount and the legal and factual bases for any unliquidated cure amount that the Counterparty believes is required to be paid under sections

365(b)(1)(A) and (B) of the Bankruptcy Code for the Assumed Contract, along with the specific nature and dates of any alleged defaults, the pecuniary losses, if any, resulting therefrom, and the conditions giving rise thereto; and (v) be filed with the Court, and served on the Notice Parties, so as to be received on or before the Plan Objection Deadline.

37. If no Contract Objection is timely received with respect to an Assumed Contract: (i) the Counterparty to such Assumed Contract shall be deemed to have consented to the assumption by the reorganized Debtor of such Assumed Contract, and be forever barred from asserting any objection with regard to such assumption (including, without limitation, with respect to adequate assurance of future performance); (ii) any and all defaults under such Assumed Contract and any and all pecuniary losses related thereto shall be deemed cured and compensated pursuant to section 365(b)(l)(A) and (B) of the Bankruptcy Code; and (iii) the Cure Amount included in the Assumption Notice for such Assumed Contract shall be controlling, notwithstanding anything to the contrary in such Assumed Contract, or any other related document, and the Counterparty shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims related to such Assumed Contract against the Debtor, the Reorganized Debtor, the Liquidating Trust, or the property of any of them.

38. The inclusion of a contract, lease or other agreement on an Assumption Notice shall not constitute or be deemed a determination or admission by the Debtor and its estate or any other party in interest that such contract, lease or other agreement is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and any and all rights with respect thereto shall be reserved.

39. Service and Notice Adequate and Sufficient. Service of all notices and documents described herein in the time and manner set forth herein shall constitute due, adequate and sufficient notice, and no other or further notice shall be necessary.

40. The Debtor is authorized to make nonsubstantive changes to the Disclosure Statement, the Plan, Ballots and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan and any other related materials prior to their mailing to parties in interest.

41. The Court shall retain jurisdiction to implement, interpret and effectuate the provisions of this Order.

Dated: March 23, 2017
Wilmington, Delaware

Kevin Gross

The Honorable Kevin Gross
United States Bankruptcy Judge



55151/0001-14261826v2