**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| NEPHROGENEX, INC., | : | Case No. 16-11074 (KG) |
| Debtor.[1] | : | **Related to Docket Nos. 366, 403** |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING PLAN OF REORGANIZATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY THE DEBTOR**

NephroGenex, Inc., the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "Debtor"), having filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") on April 30, 2016; and the Debtor having proposed the Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtor [Docket No. 366] (as amended, supplemented or otherwise modified, the "Plan");[2] and the Debtor having filed the Plan Supplement to Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtor [Docket No. 403] (as amended by Docket No. 408, the "Plan Supplement"); and the United States Bankruptcy Court for the District of Delaware (the "Court") having entered an order [Docket No. 370] (the "Solicitation Procedures Order") on March 23, 2017 approving the Disclosure Statement with Respect to Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtor [Docket No. 367] (the "Disclosure Statement") as containing

[1] The last four digits of the Debtor's federal tax identification number are 5171. The mailing address for the Debtor is P.O. Box 400, Jamison, Pennsylvania 18929.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

adequate information within the meaning of section 1125(a) of the Bankruptcy Code; and the Debtor having filed the Certification of James Lee with Respect to the Tabulation of Votes on the Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtor] [Docket No. 409] (the "Voting Certification"); and the Court having established, in the Solicitation Procedures Order, May 10, 2017 at 10:00 a.m. (Eastern Time) as the date and time of the hearing pursuant to section 1129 of the Bankruptcy Code to consider confirmation of the Plan (the "Confirmation Hearing"); and affidavits of service having been executed by Kurtzman Carson Consultants LLC ("KCC" or the "Claims Agent") and filed with the Court [Docket Nos. 380, 401] (the "Affidavit of Service") with respect to the mailing of the notice of the Confirmation Hearing and the other solicitation materials in respect of the Plan in accordance with the Solicitation Procedures Order; and an affidavit of publication having been filed with the Court [Docket No. 378] (the "Affidavit of Publication") with respect to the publication of the notice of the Confirmation Hearing in accordance with the Solicitation Procedures Order; and the Court having reviewed the Plan, the Disclosure Statement, the Solicitation Procedures Order, the Voting Certification, the Affidavit of Service, the Affidavit of Publication and all other papers before the Court in connection with the confirmation of the Plan; and the Court having considered the Declaration of John P. Hamill in Support of Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtor [Docket No. 411] (the "Hamill Declaration"), the Declaration of James S. Cassel in Support of Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtor [Docket No. 412] (the "Cassel Declaration"), the Debtor's Memorandum in Support of Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtor [Docket No. 413] (the "Confirmation Memorandum") and any testimony presented and evidence admitted at the

Confirmation Hearing; and the Court having taken judicial notice of the papers and pleadings on file in the Chapter 11 Case; and the Court finding that (i) notice of the Confirmation Hearing and the opportunity of all parties in interest to object to confirmation of the Plan were adequate and appropriate, in accordance with Rules 2002(b) and 3017(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2002-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and the Solicitation Procedures Order, as to all parties to be affected by the Plan and the transactions contemplated thereby and (ii) the legal and factual bases for confirmation, including as set forth in the Hamill Declaration, the Cassel Declaration, the Confirmation Memorandum and this Confirmation Order, establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, the Court hereby makes the following Findings of Fact, Conclusions of Law and Order:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)). The Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(L), and the Court has jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code, and to determine whether the Plan should be confirmed and a Final Order entered with respect thereto. Venue of the Chapter 11 Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Burden of Proof. The Debtor has the burden of proving the elements of section 1129(a) of the Bankruptcy Code by a preponderance of the evidence and, as set forth below, the Debtor has met that burden.

C. Judicial Notice. The Court takes judicial notice of the docket in the Chapter 11 Case maintained by the Clerk of the Court and/or its duly appointed agent, including without limitation, all pleadings, notices and other documents filed, all proceedings during the Chapter 11 Case, and all orders entered during the pendency of the Chapter 11 Case.

D. Modification of the Plan. The Debtor has made certain non-material modifications to the Plan as set forth in the Notice of Filing of Non-Material Modifications to Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code Proposed by the Debtor [Docket No. 410] (the "Modifications"). Pursuant to section 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019, none of the Modifications require additional disclosure under section 1125 of the Bankruptcy Code or resolicitation of votes under section 1126 of the Bankruptcy Code, nor do they require that the Holders of Claims in the voting Classes be afforded an opportunity to change previously cast acceptances or rejections of the Plan. The Plan as modified by the Modifications shall constitute the Plan submitted to the Court for Confirmation.

E. Objections to Confirmation. Any formal or informal objections to confirmation of the Plan that were not resolved by agreement or order of the Court on or prior to the Confirmation Hearing are overruled, or are otherwise disposed of, as set forth herein and on the record of the Confirmation Hearing.

F. Compromise and Settlement in Connection with the Plan. All of the settlements and compromises pursuant to and in connection with the Plan comply with the requirements of section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019.

G. Compliance with Bankruptcy Rule 3016. The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a). The filing of the Disclosure Statement with the Court satisfies Bankruptcy Rule 3016(b).

H. Compliance with Bankruptcy Rule 3017. The Debtor has given notice of the Confirmation Hearing as required by Bankruptcy Rule 3017(d).

I. Transmittal and Mailing of Materials; Notices. The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018. The Plan was transmitted to all Creditors entitled to vote on the Plan, and sufficient time was prescribed for such Creditors to accept or reject the Plan, thereby satisfying the requirements of Bankruptcy Rule 3018.

J. Receipt and Tabulation of Votes. The procedures used by the Claims Agent to receive and tabulate Ballots of the Holders of Claims in the voting Classes, as set forth in the Voting Certification, were proper and appropriate and in compliance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and all other applicable rules, laws and regulations. As described in the Voting Certification, which certified both the method and results of the voting, the Plan was accepted by the two (2) Impaired Classes entitled to vote. The Debtor, therefore, obtained the requisite acceptance both in number and amount for Confirmation of the Plan.

K. Plan Compliance with 11 U.S.C. § 1129. As set forth below and as demonstrated by the record in the Chapter 11 Case, the Debtor has met its burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code.

L. Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)). As set forth and demonstrated below, the Plan complies with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the orders of the Court with respect to the Plan, thus satisfying the requirements of section 1129(a)(1) of the Bankruptcy Code.

(i) Proper Classification (11 U.S.C. §§ 1122 and 1123(a)(1)). The Plan complies fully with the requirements of sections 1122 and 1123 of the

Bankruptcy Code. The Plan's classifications conform to the requirements of the Bankruptcy Code and separately classify Claims based on valid business and legal reasons. The Plan's classification scheme has a rational basis because it is based on the respective legal rights of each Holder of a Claim against or Interest in the Estate and was not proposed to create a consenting Impaired Class and, thereby, manipulate Class voting. Article II of the Plan designates the classification of Claims and Interests.

(ii) Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2)). The Plan complies fully with the requirements of section 1123(a)(2) of the Bankruptcy Code. Article III of the Plan specifies which Classes of Claims and Interests are not Impaired under the Plan.

(iii) Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3)). The Plan complies fully with the requirements of section 1123(a)(3) of the Bankruptcy Code. Article III of the Plan specifies the treatment of Classes of Claims and Interests under the Plan, including those which are Impaired.

(iv) No Discrimination (11 U.S.C. § 1123(a)(4)). The Plan complies fully with the requirements of section 1123(a)(4) of the Bankruptcy Code. As reflected in the treatment set forth in Article III of the Plan, the treatment of each of the Claims and Interests in each particular Class is the same as the treatment of each of the other Claims or Interests in such Class; provided, however, that to the extent any Claimholder received any different treatment than that described by the Plan for its Class on the basis of the standards for compromise and settlement, the

Court hereby finds that such different treatment does not need to be made available to other members of the Class.

(v) Implementation of Plan (11 U.S.C. § 1123(a)(5)). The Plan complies fully with the requirements of section 1123(a)(5) of the Bankruptcy Code. The Plan provides adequate means for implementation of the Plan through, among other things, the implementation of the Liquidating Trust and the transfer of the Debtor's remaining assets to the Reorganized Debtor or the Liquidating Trust, as applicable.

(vi) Voting Power of Equity Securities (11 U.S.C. § 1123(a)(6)). The Plan provides that the certificate of incorporation of the Reorganized Debtor shall prohibit the issuance of non-voting equity securities to the extent required by section 1123(a)(6) of the Bankruptcy Code, thereby satisfying section 1123(a)(6) of the Bankruptcy Code.

(vii) Selection of Officers and Directors (11 U.S.C. § 1123(a)(7)). Pursuant to section 1129(a)(5) of the Bankruptcy Code, the Debtor disclosed in the Plan Supplement the identity and affiliations of those Persons proposed to serve on the initial board of directors or as an officer of Reorganized Debtor and, to the extent such Person is an insider of the Debtor, the nature of any compensation for such Person. Moreover, the Debtor disclosed in the Disclosure Statement the identity of the Entity that will serve as the initial Liquidating Trustee of the Liquidating Trust. The directors and officers of the Reorganized Debtor and the Liquidating Trustee were selected in a manner consistent with the

interests of creditors and with public policy, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

(viii) Discretionary Contents of Plan (11 U.S.C. § 1123(b)). The Plan's provisions are appropriate and consistent with the provisions of the Bankruptcy Code.

M. Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the orders of the Court with respect to the solicitation of acceptances or rejections of the Plan, thus satisfying the requirements of section 1129(a)(2) of the Bankruptcy Code.

N. Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)). The Debtor has proposed the Plan, including all documents necessary to effectuate the Plan, including but not limited to those contained in the Plan Supplement, in good faith and not by any means forbidden by law, as evidenced by, among other things, the totality of the circumstances surrounding the formulation of the Plan, the record of the Chapter 11 Case and the recoveries of Holders of Claims thereunder, thus satisfying the requirements of section 1129(a)(3) of the Bankruptcy Code.

O. Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)). All payments that have been made or are to be made by the Debtor or Liquidating Trust under the Plan or by any Person or Entity acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Chapter 11 Case, or in connection with the Plan and incident to the Chapter 11 Case including administrative expense claims under sections 503 and 507 of the Bankruptcy Code, have been approved by, or will be subject to the approval of, the

Court as reasonable, thus satisfying the requirements of section 1129(a)(4) of the Bankruptcy Code.

P. Directors, Officers and Insiders (11 U.S.C. § 1129(a)(5)). The Debtor disclosed in the Plan Supplement the identity and affiliations of those Persons proposed to serve on the initial board of directors or as an officer of Reorganized Debtor and, to the extent such Person is an insider of the Debtor, the nature of any compensation for such Person. Moreover, the Debtor disclosed in the Disclosure Statement the identity of the Entity that will serve as the initial Liquidating Trustee of the Liquidating Trust. The proposed Liquidating Trustee and directors and officers for the Reorganized Debtor are qualified, and the appointment to, or continuance in, such offices of such Persons or Entities is consistent with the interests of Holders of Claims against and Interests in the Debtor and with public policy.

Q. No Rate Changes (11 U.S.C. § 1129(a)(6)). The Debtor's business does not involve the establishment of rates over which any regulatory commission will have jurisdiction after Confirmation of the Plan. Thus, section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Chapter 11 Case.

R. Best Interest of Creditors Test (11 U.S.C. § 1129(a)(7)). Section 1129(a)(7) of the Bankruptcy Code requires that each Holder of a Claim or Interest in an Impaired Class accept the Plan, or receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive on account of such Claim or Interest if the Debtor was liquidated under chapter 7 of the Bankruptcy Code. The Disclosure Statement and the other evidence proffered or adduced at, or otherwise submitted in connection with, the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence or challenged in any pending objection to Confirmation

of the Plan and (iii) establish that each Holder of an Impaired Claim or Interest, as the case may be, in such Impaired Classes has either accepted the Plan, or will receive or retain under the Plan property having a value, as of the Effective Date of the Plan, that is not less than the amount that such Holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date, thus satisfying the requirements of section 1129(a)(7) of the Bankruptcy Code.

S. Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)). Section 1129(a)(8) of the Bankruptcy Code requires that for each Class of Claims or Interests under the Plan, such Class has either accepted the Plan or is not Impaired under the Plan. Unimpaired Classes 1 and 2 are conclusively presumed to have accepted the Plan without the solicitation of acceptances or rejections pursuant to section 1126(f) of the Bankruptcy Code. Impaired Classes 3 and 4 have voted to accept the Plan. Because Holders of Claims or Interests in Impaired Classes 5, 6 and 7 neither received nor retained any property under the Plan, they are deemed to have rejected the Plan under section 1126(g) of the Bankruptcy Code, and the requirements of section 1129(a)(8) of the Bankruptcy Code have not been met, thereby requiring application of section 1129(b) of the Bankruptcy Code. The Plan satisfies section 1129(b) of the Bankruptcy Code with respect to Classes 5, 6 and 7.

T. Treatment of Administrative and Priority Claims (11 U.S.C. § 1129(a)(9)). The treatment of the Administrative Claims, Priority Tax Claims, Miscellaneous Secured Claims and Priority Non-Tax Claims are set forth in Articles III.A.1, III.A.2, III.B.1 and III.B.2 of the Plan, thus satisfying the requirements of section 1129(a)(9) of the Bankruptcy Code.

U. Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10)). As set forth in the Voting Certification, the Plan has been accepted by Impaired Classes 3 and 4, determined

without inclusion of any acceptance of the Plan by any insider, thus satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

V. Feasibility (11 U.S.C. § 1129(a)(11)). The Plan proposed by the Debtor contemplates that the Debtor will be reorganized and all of the Reorganized Debtor's equity interests will be owned by Medpace, Inc. ("Medpace"). On the Effective Date, the Reorganized Debtor will have no debt, and will be capitalized as necessary by Medpace to enable the Reorganized Debtor to conduct its business operations. Further, no distributions to creditors under the Plan are related in any way to the performance of the Reorganized Debtor. The Liquidating Trust is required to make all payments under the Plan pursuant to the Liquidating Trust Agreement and, upon the Effective Date, the Debtor's remaining cash will be transferred from the Debtor to the Liquidating Trust, to fund the Administrative Claims Reserve, the Professional Fee Reserve and the payment of Creditors in Class 3 (General Unsecured Claims). The Disclosure Statement, the Hamill Declaration, the Cassel Declaration and the evidence proffered or adduced at, or otherwise submitted in connection with, the Confirmation Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence or challenged in any pending objection to Confirmation of the Plan and (iii) establish that Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Reorganized Debtor or any successors to the Reorganized Debtor under the Plan, thereby satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

W. Payment of Fees (11 U.S.C. § 1129(a)(12)). Pursuant to Article XII.D of the Plan, all fees payable through the Effective Date pursuant to 28 U.S.C. § 1930 shall be paid on or as soon as practicable after the Effective Date by the Debtor or the Liquidating Trust, as applicable, thereby satisfying the requirements of section 1129(a)(12) of the Bankruptcy Code.

X. Miscellaneous Provisions (11 U.S.C. §§ 1129(a)(13)-(16)). Sections 1129(a)(13)-(16) are inapplicable as the Debtor (i) does not provide retiree benefits[3] (1129(a)(13)), (ii) has no domestic support obligations (1129(a)(14)), (iii) is not an individual (1129(a)(15)), and (iv) is a for-profit business (1129(a)(16)).

Y. No Unfair Discrimination; Fair and Equitable (11 U.S.C. § 1129(b)). Holders of Claims and Interests in Classes 5, 6 and 7 will receive no Distributions under the Plan and, accordingly, are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. The Debtor presented uncontroverted evidence that the Plan does not discriminate unfairly and is fair and equitable with respect to the treatment of Claims and Interests in Classes 5, 6 and 7 because, as required by section 1129(b)(2)(C) of the Bankruptcy Code, there are no Holders of Claims or Interests junior to the Holders of Claims and Interests in Classes 5, 6 and 7 that will receive or retain under the Plan any property on account of such junior Claims or Interests. Thus, the Plan satisfies section 1129(b) of the Bankruptcy Code and may be confirmed notwithstanding its failure to satisfy section 1129(a)(8) of the Bankruptcy Code. The Plan shall be binding upon the members of Classes 5, 6 and 7 upon Confirmation and the occurrence of the Effective Date.

Z. Confirmation of Only One Plan (11 U.S.C. § 1129(c)). The Plan is the only plan that has been filed in the Chapter 11 Case which has been found to satisfy the requirements of subsections (a) and (b) of section 1129 of the Bankruptcy Code. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code have been satisfied.

3 As defined in section 1114 of the Bankruptcy Code, "retiree benefits" means payments to any entity or person for the purpose of providing or reimbursing payments for retired employees and their spouses and dependants, for medical, surgical or hospital care benefits, or benefits in the event of sickness, accident, disability or death under any plan, fund or program (through the purchase of insurance or otherwise) maintained or established in whole or in part by the debtor prior to filing a petition commencing a case under the Bankruptcy Code.

AA. Principal Purpose of the Plan (11 U.S.C. 1129(d)). The principal purpose of the Plan is not the avoidance of taxes or avoidance of the requirements of section 5 of the Securities Act of 1933, and no party in interest, including but not limited to any governmental unit, has requested that the Court deny Confirmation on such basis, thus satisfying the requirements of section 1129(d) of the Bankruptcy Code.

BB. Securities Exemption from Registration. The offering, issuance and distribution of any securities pursuant to the Plan, including without limitation the issuance of the New Common Stock to Medpace and the issuance of the Liquidating Trust Interests, are subject to, or made in good faith reliance on, exemptions from section 5 of the Securities Act of 1933 and any state or local laws requiring registration or licensing for issuers, underwriters or brokers, under section 1145 of the Bankruptcy Code, section 4(a)(2) of the Securities Act, or any other applicable exemption under the Securities Act.

CC. Satisfaction of Confirmation Requirements. Based on the foregoing, the Plan satisfies all of the requirements for Confirmation set forth in section 1129 of the Bankruptcy Code and should be confirmed.

DD. Good Faith Solicitation (11 U.S.C. § 1125(e)). Based upon the record before the Court in the Chapter 11 Case, the Debtor, the Claims Agent and each of their respective members, officers, directors, agents, financial advisers, attorneys, employees, equity holders, partners, affiliates and representatives have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules in connection with all their respective activities relating to the Plan and their participation in the activities described in

section 1125 of the Bankruptcy Code, and are entitled to the protections afforded by section 1125 of the Bankruptcy Code.

EE. Likelihood of Satisfaction of Conditions Precedent to Confirmation. All conditions precedent to Confirmation set forth in Article VIII of the Plan have been satisfied, will be satisfied by entry of this Confirmation Order or have been duly waived.

FF. Retention of Jurisdiction. The Court finds that it may properly retain jurisdiction over the matters set forth in Article XI of the Plan and section 1142 of the Bankruptcy Code.

GG. D&O Insurance. The Debtor maintains directors and officers ("D&O") insurance coverage from various carriers, including certain "tail" coverage. The Debtor and Medpace have acknowledged and agreed that the transaction contemplated by the Plan is not intended to affect or impair such D&O insurance coverage, and Medpace has agreed not to take any action before or after the Effective Date that would affect or impair the Debtor's D&O insurance coverage, including the related tail coverage.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

**A. Confirmation of the Plan**

1. Approval of the Plan. The Plan, which consists of the Plan as filed on March 22, 2017, as subsequently amended, supplemented or otherwise modified, including all exhibits (including, but not limited to, those exhibits filed in the Plan Supplement), provisions, terms and conditions thereto, is approved and confirmed as having satisfied all of the requirements of chapter 11 of the Bankruptcy Code. The terms of the Plan, as modified, are incorporated herein by reference and are an integral part of this Confirmation Order. A copy of the Plan is attached hereto as Exhibit A.

2. Findings of Fact and Conclusions of Law. The findings of fact and conclusions of law of the Court set forth herein and at the Confirmation Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable herein by Bankruptcy Rule 9014, and the findings and conclusions of the Court at the Confirmation Hearing are incorporated herein by reference. To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

3. Objections. Any formal or informal objection to Confirmation, to the extent not already withdrawn, waived or settled, and all reservations of rights included therein, shall be, and hereby are overruled.

**B. Plan Classification and Treatment**

4. All Claims and Interests shall be, and hereby are, classified and treated as set forth in the Plan. The Plan's classification scheme shall be, and hereby is, approved.

5. The classifications set forth in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for Distribution purposes, (c) may not be relied upon by any Creditor as representing the actual classification of such Claims under the Plan for Distribution purposes and (d) shall not bind the Debtor or the Liquidating Trustee.

6. The treatment of Claims and Interests as provided in the Plan is approved.

**C. Effects of Confirmation**

7. Enforceability of Plan. Pursuant to sections 1123(a), 1141(a) and 1142 of the Bankruptcy Code and the provisions of this Confirmation Order, the Plan shall be, and hereby is, valid, binding and enforceable notwithstanding any otherwise applicable non-bankruptcy law. The Debtor, the Reorganized Debtor and the Liquidating Trust may modify,

amend or enter into, as necessary, all documents arising in connection with the Plan, without further order of the Court, in accordance with the provisions of the Plan.

8. Authorization to Implement the Plan. Upon the entry of this Confirmation Order, the Debtor, the Reorganized Debtor, the Liquidating Trustee and the Disbursing Agent, as applicable, and their respective professionals, are authorized to take or cause to be taken all actions necessary or appropriate to implement all provisions of, and to consummate, the Plan and to execute, enter into or otherwise make effective all documents arising in connection therewith, prior to, on and after the Effective Date. All such actions taken or caused to be taken shall be, and hereby are, authorized and approved by the Court such that no further approval, act or action need to be taken under any applicable law, order, rule or regulation, including, without limitation, (a) the incurrence of all obligations contemplated by the Plan and the making of Distributions and (b) the implementation of all settlements and compromises as set forth in or contemplated by the Plan.

9. The Disbursing Agent is authorized to make payments required to be made under the Plan at any time after entry of this Confirmation Order, including (i) payments to Creditors on account of Allowed Miscellaneous Secured Claims, Allowed Administrative Claims and Allowed Priority Claims, (ii) payments of Cash to fund the Administrative Claims Reserve and the Professional Fee Reserve to the Liquidating Trust and (iii) payment of the Effective Date Free Cash to the Liquidating Trust; provided, however, that in determining the amounts necessary to fund the Professional Fee Reserve, the Disbursing Agent shall take into account any retainers held by the Debtor's Professionals and the amounts otherwise permitted to be transferred to the Professional Fee Reserve shall be reduced to the extent of any such retainers.

10. Discharge of the Debtor.

(a) Except as provided in the Plan or the Confirmation Order, effective as of the Effective Date, the rights afforded under the Plan and the treatment of Claims and Interests under the Plan shall be in exchange for, and in complete satisfaction, discharge and release of all Claims and termination of all Interests, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of or in exchange for such Claims and Interests.

(b) Except as provided in the Plan or the Confirmation Order, effective as of the Effective Date, (a) the Debtor shall be discharged and released from all Claims and other debts that arose before the Confirmation Date and all debts of the kind specified in sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) a Proof of Claim based on such debt is filed or deemed filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim based on such debt is allowed pursuant to section 502 of the Bankruptcy Code or (iii) the Holder of a Claim based on such debt has accepted the Plan; and (b) all Interests and any other rights of equity security holders in the Debtor shall be terminated without further action by the Debtor or the Reorganized Debtor. Accordingly, (i) any judgment at any time obtained against the Debtor, the Reorganized Debtor or the Liquidating Trust, to the extent that such judgment relates to a discharged Claim or terminated Interest, shall be void; and (ii) all Persons and Entities are permanently enjoined from the commencement or continuation of an action, the employment of process, or any act to collect, recover or offset any discharged Claim or terminated Interest from the Debtor, the Reorganized Debtor or the Liquidating Trust.

(c) Except as provided in the Plan or the Confirmation Order, effective as of the Effective Date, all Persons and Entities shall be precluded from asserting against the Debtor,

the Reorganized Debtor, the Liquidating Trust, the Liquidating Trustee, their successors or their property, any other or further claims, debts, rights, causes of action, liabilities or equity interests based upon any act, omission, transaction or other activity of any nature that occurred prior to the Effective Date.

11. Binding Effect. Notwithstanding the stay contemplated by Bankruptcy Rule 3020(e) and except as otherwise provided in section 1141(d) of the Bankruptcy Code, immediately after entry of this Confirmation Order, the Plan shall be binding upon and inure to the benefit of the Debtor, all present and former Holders of Claims and Interests, whether or not such Holders shall receive or retain any property or interest in property under the Plan, any non-Debtor party to an Executory Contract or Unexpired Lease, any Person or Entity making an appearance in the Chapter 11 Case and any other party in interest in this Chapter 11 Case, and their respective successors and assigns, including, but not limited to, the Reorganized Debtor and the Liquidating Trust. Accordingly, as permitted by Bankruptcy Rule 3020(e), the fourteen (14) day period provided by such rule is hereby waived in its entirety.

12. Discharges, Releases, Injunctions, Limitations of Liability and Exculpation. All discharges, releases, injunctions, limitations of liability and exculpation provisions in the Plan, including, without limitation, those in Article X of the Plan, are fair and equitable and given for valuable consideration and are in the best interests of the Debtor and all parties in interest, and such provisions shall be effective and binding on all persons and entities, to the extent provided therein, and are incorporated in this Confirmation Order as if set forth in full herein and are hereby approved in their entirety.

13. All Persons and Entities that have held, currently hold or may hold a Claim or other debt or liability that is discharged or an Interest or other right of an equity security

holder that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtor, the Reorganized Debtor, the Liquidating Trust or their property on account of any such discharged Claims, debts or liabilities or terminated Interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor; and (v) acting or proceeding, in any manner or in any place, that does not conform to or comply with the provisions of the Plan; provided, however, that the injunction contemplated by this paragraph shall not apply to the commencement or continuation of an action or proceeding by a governmental unit to which section 362(b)(4) of the Bankruptcy Code would be applicable.

14. All Persons and Entities that have held, currently hold or may hold a claim, demand, debt, right, cause of action or liability that is released under the Plan are permanently enjoined from taking any of the following actions on account of any such released claims, demands, debts, rights, causes of action or liabilities: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to a released party; and (v) acting or proceeding, in any manner or in any place, that does not conform to or comply with the provisions of the Plan.

15. All Persons and Entities are permanently enjoined from seeking or obtaining (i) any documents or other materials from current counsel for the Debtor that are in the possession of such counsel as a result of or arising in any way out of its representation of the Debtor, or (ii) Retained Books and Records from the Liquidating Trust, except in accordance with Article V.B of the Plan.

16. No Successor Liability. Pursuant to section 1141 of the Bankruptcy Code and Article V of the Plan, the property of the Debtor's estate that vests in the Reorganized Debtor shall vest free and clear of all claims and interests of creditors and equity holders of the Debtor. Moreover, pursuant to section 1141(d) of the Bankruptcy Code, the effect of confirmation of the Plan shall be to discharge the Debtor from any debt that arose before the date confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code.

17. The issuance of New Common Stock or transfer of assets through the Plan shall not result in the Reorganized Debtor (a) having any liability or responsibility for any Claim against or Interest in the Debtor, the Debtor's estate, or the Debtor's current or former employees, directors and officers, or (b) having any liability or responsibility to the Debtor, each except as expressly set forth in the Plan. Without limiting the effect or scope of the foregoing, and to the fullest extent permitted by applicable laws, the issuance of the New Common Stock or transfer of assets contemplated in the Plan shall not subject the Reorganized Debtor, its respective properties or assets or respective affiliates, successors, or assigns to any liability for Claims against the Debtor's interests in such assets by reason of such issuance of New Common Stock or transfer of assets under any applicable laws, including, without limitation, any successor liability.

18. Settlements. The settlements contemplated under the Plan (the "Plan Settlements"), and the respective terms thereof as set forth in the Plan, are hereby approved pursuant to Bankruptcy Rule 9019 as fair, prudent and reasonable compromises of the controversies and Claims resolved by the Plan Settlements, are binding upon all Persons and Entities affected thereby, and shall be effectuated in accordance with the terms thereof.

19. Executory Contracts and Unexpired Leases. Except as otherwise provided in the Plan, or in any contract, instrument, release or other agreement or document entered into in connection with the Plan, each of the Executory Contracts and Unexpired Leases to which the Debtor is a party shall be deemed automatically rejected by the Debtor as of the Effective Date, unless such contract or lease (i) previously has been assumed or rejected by the Debtor, (ii) expired or terminated pursuant to its own terms, (iii) was the subject of a motion to assume or reject pending before the Court as of the Confirmation Date or (iv) is identified on the Assumption Schedule as a contract to be assumed. This Order shall constitute an order of the Court approving (i) the rejections described in Article VII.A of the Plan and (ii) the assumptions of the contract(s) listed on the Assumption Schedule, in both cases pursuant to section 365 of the Bankruptcy Code, as of the Effective Date.

20. The proposed Cure Amount for an Executory Contract or Unexpired Lease that is assumed pursuant to the Plan shall be zero dollars unless otherwise indicated in the Assumption Schedule. Cure obligations, if any, shall be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, by payment of the Cure Amount in Cash within thirty (30) days after the Effective Date or on such other terms as the parties to such Executory Contract or Unexpired Lease may otherwise agree. In the event of a dispute regarding (a) the amount of any Cure Amount, (b) the ability of the Reorganized Debtor to provide "adequate assurance of future

performance" (within the meaning of section 365 of the Bankruptcy Code) under the Executory Contract or Unexpired Lease to be assumed or (c) any other matter pertaining to assumption, any Cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made thirty (30) days following entry of a Final Order resolving the dispute and approving the assumption; provided, however, that following the resolution of any such dispute, the Debtor or Reorganized Debtor, as applicable, shall have the right to reject such Executory Contract or Unexpired Lease, with any such rejection by the Debtor or the Reorganized Debtor subject to the consent of Medpace.

21. If the rejection of an Executory Contract or Unexpired Lease pursuant to Article VII.A of the Plan gives rise to a Claim by the other party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the Debtor or its Estate, the Liquidating Trust or their respective successors or properties unless a Proof of Claim is Filed with the Claims Agent and served on counsel for the Liquidating Trust and counsel for the Reorganized Debtor within thirty (30) days after service of notice of entry of the Confirmation Order. For the avoidance of doubt, Claims arising from the rejection of an Executory Contract or Unexpired Lease are forever barred and shall not be enforceable against the Reorganized Debtor, and shall be payable solely from the Liquidating Trust.

**D. Implementation of the Plan**

22. Debtor's Directors, Officers and Employees. On the Effective Date, (a) the members of the board of directors of the Debtor shall be deemed to have resigned and (b) any remaining employees of the Debtor shall be deemed to have been terminated.

23. Continued Corporate Existence. The Debtor shall continue to exist after the Effective Date as the Reorganized Debtor in accordance with the applicable law in the jurisdiction in which it is incorporated and pursuant to its certificate of incorporation and bylaws

in effect prior to the Effective Date, except to the extent such certificate and bylaws are amended on the Effective Date.

24. Cancellation of Existing Securities and Agreements. Except as otherwise provided in the Plan, and in any contract, instrument or other agreement or document created in connection with the Plan, on the Effective Date, any and all Interests, including promissory notes, share certificates, whether for preferred or common stock (including treasury stock), other instruments evidencing any Claims or Interests, other than a Claim that is being reinstated and rendered Unimpaired, and all options, warrants, calls, rights, puts, awards, commitments or any other agreements of any character to acquire such Interests shall be deemed automatically canceled, retired, released and/or extinguished and of no further force and effect, without any further act or action under any applicable agreement, law, regulation, order or rule, and the obligations of the Debtor under the notes, share certificates and other agreements and instruments governing such Claims and Interests shall be discharged. The holders of or parties to such canceled notes, share certificates and other agreements and instruments shall have no rights arising from or relating to such notes, share certificates and other agreements and instruments or the cancellation thereof, except the rights provided pursuant to the Plan.

25. Authorization and Issuance of New Common Stock. As of the Effective Date, without the requirement of further act or action under applicable non-bankruptcy law, regulation, order or rule, the Reorganized Debtor is authorized to issue shares of New Common Stock to the Holder of the Medpace Claim. On or as soon as practicable after the Effective Date, shares of New Common Stock shall be issued by the Reorganized Debtor pursuant to the Plan, without the requirement of further act or action under applicable non-bankruptcy law, regulation, order or rule.

26. The sole equity interests in the Reorganized Debtor shall consist of the New Common Stock newly issued to Medpace in accordance with section 1123(a)(5)(J) of the Bankruptcy Code.

27. Preservation of Causes of Action. In accordance with section 1123(b)(3) of the Bankruptcy Code, and except as otherwise provided in the Plan, the Reorganized Debtor shall retain and may (but is not required to) enforce all rights to commence and pursue any and all Causes of Action, whether arising before or after the Petition Date, and such Causes of Action shall vest in the Reorganized Debtor as of the Effective Date; provided, however, that the Reorganized Debtor shall not bring, and as of the Effective Date waives and releases, any and all rights, claims or Causes of Action against the Debtor's current or former directors and officers; provided further, however, that solely with respect to Avoidance Actions, only those Avoidance Actions as to those parties specifically identified in the Plan Supplement, including parties identified by check payee name, corporate name, doing business as name, abbreviated name or as subsidiary or affiliate, shall vest in the Reorganized Debtor, and all other Avoidance Actions as to any other parties shall be waived and released.

28. The Reorganized Debtor, in its sole and absolute discretion, shall determine whether to bring, settle, release, compromise or enforce such Causes of Action (or decline to do any of the foregoing), and shall not be required to seek further approval of the Bankruptcy Court for such action. The Reorganized Debtor or any successors may pursue such litigation claims in accordance with the best interests of the Reorganized Debtor or any successor holding such rights of action.

29. Causes of Action Recoveries. To the extent the Reorganized Debtor recovers Cash from an Entity pursuant to any Causes of Action, including Avoidance Actions,

the Reorganized Debtor shall pay Cash to the Liquidating Trust in an amount equal to the Liquidating Trustee's obligation to pay such Entity on its Allowed Claim arising under section 502(h) of the Bankruptcy Code, if any. For the avoidance of doubt, and except as set forth in the prior sentence, the Reorganized Debtor shall retain all recoveries derived from any Causes of Action and shall have no obligation to make any distributions to Creditors.

30. No Further Action. Each of the matters provided for under the Plan involving the corporate structure of the Debtor or corporate action to be taken by or required of the Debtor shall, as of the Effective Date, be deemed to have occurred and be effective as provided herein, and shall be authorized and approved in all respects without any requirement of further action by any Person or Entity, including but not limited to, Holders of Claims or Interests against or in the Debtor, or directors or officers of the Debtor.

31. United States Trustee Fees. All fees payable through the Effective Date pursuant to 28 U.S.C. § 1930 shall be paid on or as soon as practicable after the Effective Date by the Debtor or the Liquidating Trust, as applicable. After the Effective Date, quarterly fees shall continue to accrue and be timely paid until the Debtor's case is closed, dismissed or converted, pursuant to Article XII.D of the Plan.

32. Section 1146(a) Waiver. Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, real estate transfer tax, mortgage recording tax or other similar tax or governmental assessment, and all state or local governmental officials or agents shall forego the collection of any such tax or governmental assessment and accept for filing and recordation instruments or other documents without the payment of any such tax or governmental assessment.

33. Applicability of Section 1145 of the Bankruptcy Code. Under section 1145 of the Bankruptcy Code, the issuance of the Liquidating Trust Interests shall be exempt from registration under the Securities Act of 1933, as amended, and all applicable state and local laws requiring registration of securities. Further, the issuance of the New Common Stock to Medpace under the Plan shall be exempt from registration under the Securities Act of 1933, as amended, and all applicable state securities laws requiring registration of securities. Medpace shall be deemed a Bankruptcy Code section 1145 underwriter such that the New Common Stock issued to it shall be subject to applicable restrictions on transfer, and the certificate evidencing the New Common Stock shall be applicably legended to reflect such restrictions. The issuance of the New Common Stock to Medpace is or was in exchange for Claims against the Debtor within the meaning of section 1145(a)(1) of the Bankruptcy Code.

34. Authorization in Furtherance of Plan. Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents, filings and instruments necessary or appropriate to effectuate, implement, or consummate the transactions contemplated by the Plan and this Order.

**E. Liquidating Trust**

35. Approval of Liquidating Trust Agreement. The form of the Liquidating Trust Agreement attached as Exhibit A to the Plan is hereby approved, and the Debtor is authorized to execute and to take any action necessary or appropriate to implement, effectuate or consummate the Liquidating Trust Agreement. The appointment of John P Hamill LLC as Liquidating Trustee is hereby approved.

36. On and after the Effective Date, the Liquidating Trust may, in the name of the Debtor, take such actions as may be necessary or appropriate to accomplish the purposes of the Liquidating Trust, without supervision or approval by the Court and free of any restrictions

of the Bankruptcy Code or the Bankruptcy Rules, except as provided in the Plan or the Confirmation Order. Without limiting the generality of the foregoing, the Liquidating Trust may object to Disputed Claims and, without Court approval, settle, compromise, withdraw or resolve in any manner such objections.

37. Transfer of Evidentiary Privileges; Document Requests. On the Effective Date, the Liquidating Trustee shall succeed to the evidentiary privileges (including attorney-client, joint-client, joint-defense, common interest and other privileges) formerly held by the Debtor. Accordingly, to the extent that documents are requested from current counsel to the Debtor by any Person or Entity, after the Effective Date, only the Liquidating Trustee shall have the ability to waive such attorney-client or other privileges. In addition, current counsel to the Debtor shall have no obligation to produce any documents currently in its possession as a result of or arising in any way out of its representation of the Debtor unless (i) the Person or Entity requesting such documents serves its request on the Liquidating Trustee; (ii) the Liquidating Trustee consents in writing to such production and any waiver of the attorney-client or other privilege such production might cause; and (iii) the Liquidating Trustee or the Person or Entity requesting such production agrees to pay the reasonable costs and expenses incurred by current counsel for the Debtor in connection with such production.

38. To the extent that documents are requested from the Liquidating Trust by any Person or Entity, the Liquidating Trustee (on behalf of the Liquidating Trust) shall be entitled to assert all applicable evidentiary privileges, including attorney-client privilege, formerly held by the Debtor, and shall have no obligation to produce any documents currently in its possession unless the Person or Entity requesting such production agrees to pay the reasonable costs and expenses incurred by the Liquidating Trust, including the reasonable fees of

counsel, in connection with such production; provided, however, that nothing herein shall impair the Reorganized Debtor's rights to promptly obtain non-privileged Retained Books and Records from the Liquidating Trust upon request.

39. If, and to the extent that, the Liquidating Trust has been fully funded (*i.e.*, the Liquidating Trust has received funding in the full amount of the Liquidating Trust Funding Amount), the Liquidating Trustee shall transfer to the Reorganized Debtor any remaining Cash in the Administrative Claims Reserve.

**F. Treatment of Certain Claims**

40. Employee Claims. John P. Hamill, the Debtor's Chief Financial and Chief Financial Officer, and Annie Poulos, the Debtor's Corporate Controller, assert Administrative Claims for paid time off (PTO) that accrued between the Petition Date and the Effective Date (assuming that the Effective Date occurs during May 2017) in the amounts of $45,673 and $13,894, respectively (together, the "Employee PTO Claims"), which claims are hereby Allowed and shall be paid in accordance with the terms of the Plan. For the avoidance of doubt, the Reorganized Debtor shall have no liability to the Debtor's current or former employees, directors or officers relating to the Debtor or the Debtor's estate.

41. Indemnification Claims. Pursuant to Article VII.C of the Plan, any obligations of the Debtor pursuant to its organizational documents, including amendments, entered into any time prior to the Effective Date, to indemnify, reimburse or limit the liability of any Person pursuant to the Debtor's organizational documents, policy of providing employee indemnification, applicable state law or specific agreement in respect of any claims, demands, suits, causes of action or proceedings against such Persons based upon any act or omission related to such Persons' service with, for or on behalf of the Debtor prior to the Effective Date with respect to all present and future actions, suits and proceedings relating to the Debtor shall

survive Confirmation of the Plan and except as set forth herein, remain unaffected thereby, and shall not be discharged, irrespective of whether such defense, indemnification, reimbursement or limitation of liability accrued or is owed in connection with an occurrence before or after the Petition Date; provided, however, that this provision for indemnification, reimbursement and limitation of liability shall not apply to or cover any Claims, suits or actions against a Person that result in a Final Order determining that such covered Person is liable for fraud, willful misconduct, gross negligence, bad faith, self-dealing or breach of the duty of loyalty; provided further, however, that all obligations under Article VII.C of the Plan shall be limited solely to available insurance coverage and neither the Reorganized Debtor, the Liquidating Trust, the Liquidating Trustee nor any of their assets shall be liable for any such obligations. Any Claim based on the Debtor's obligations set forth in Article VII.C of the Plan shall not be a Disputed Claim or subject to any objection in either case by reason of section 502(e)(1)(B) of the Bankruptcy Code, and shall be deemed an Allowed Claim.

42. Medpace Claims. Claim No. 71, which was filed by Medpace in the amount of $4,733,174.22, is hereby disallowed and expunged. Claim No. 116, which was filed by Medpace in the amount of $4,312,698.51, and amends Claim No. 71, is hereby Allowed as a General Unsecured Claim in its full filed amount.

43. The Claims Agent is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted in this Order.

**G. Miscellaneous Provisions**

44. Certain Obligations of Reorganized Debtor. The Reorganized Debtor shall (i) file federal and state income tax returns for the Debtor for tax year 2017; (ii) issue Form W-2 statements to the Debtor's employees for calendar year 2017; and (iii) issue Form 1099 statements to the Debtor's consultants for calendar year 2017.

45. D&O Insurance. None of Medpace, the Reorganized Debtor, their affiliates, or any of their respective successors or assigns, shall take any action before or after the Effective Date that would affect or impair the Debtor's D&O insurance coverage, including the related tail coverage.

46. Post-Effective Date Notice Pursuant to Bankruptcy Rule 2002. After the Effective Date, to continue to receive notice of documents pursuant to Bankruptcy Rule 2002, all Creditors and other parties in interest (except those listed in the following sentence) must file a renewed notice of appearance requesting receipt of documents pursuant to Bankruptcy Rule 2002. After the Effective Date, the Liquidating Trustee is authorized to limit the list of parties in interest receiving notice of documents pursuant to Bankruptcy Rule 2002 to the Office of the United States Trustee, Medpace and those Creditors who have filed such renewed requests; provided, however, that the Liquidating Trustee also shall serve those parties directly affected by, or having a direct interest in, the particular filing in accordance with Local Rule 2002-1(b). Notice given in accordance with the foregoing procedures shall be deemed adequate pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

47. Authorization to Consummate. The Debtor is authorized to consummate the Plan at any time after the entry of this Confirmation Order subject to satisfaction or waiver (by the required parties) of the conditions precedent to the Effective Date set forth in Article VIII.B of the Plan.

48. Notice of Entry of the Confirmation Order and the Occurrence of the Effective Date. The Debtor or the Liquidating Trustee, as applicable, shall serve notice of the entry of this Confirmation Order and the occurrence of the Effective Date (the "Notice of Effective Date"), substantially in the form attached hereto as Exhibit B, which form is hereby

approved, on all Creditors and parties in interest in the Chapter 11 Case within five (5) business days after the occurrence of the Effective Date. Notwithstanding the foregoing, no service of the Notice of Effective Date shall be required to be made upon any Person or Entity to whom the Debtor mailed a (a) notice of the meeting of Creditors under section 341 of the Bankruptcy Code, (b) notice of the bar date for filing Proofs of Claim or (c) a solicitation package or other solicitation-related notice and received any such notice or materials returned by the United States Postal Service marked "undeliverable as addressed," "moved – left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtor has been informed in writing by such Person or Entity of that Person's or Entity's new address. Service of the Notice of Effective Date described herein in the time and manner set forth herein shall constitute due, adequate and sufficient notice, and no other or further notice shall be necessary.

49. Modification of Plan. After the Confirmation Date and prior to substantial Consummation of the Plan as defined in section 1101(2) of the Bankruptcy Code, provided that the Debtor has received the prior written consent of Medpace, which consent shall not unreasonably be withheld, the Debtor may, under section 1127(b) of the Bankruptcy Code, institute proceedings in the Court to remedy any defect or omission or reconcile any inconsistencies in the Plan, the Disclosure Statement or the Confirmation Order, and such matters as may be necessary to carry out the purpose and effect of the Plan so long as such proceedings do not adversely affect the treatment of Holders of Claims under the Plan; provided, however, that prior notice of such proceedings shall be served in accordance with the Bankruptcy Rules or order of the Court, which shall be reasonably acceptable in form and substance to Medpace. A Holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended, modified or clarified, if the proposed alteration, amendment,

modification or clarification does not materially and adversely change the treatment of the Claim of such Holder.

50. Retention of Jurisdiction. Notwithstanding the occurrence of the Effective Date, the Court shall retain jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law, including among other things, jurisdiction over the matters set forth in Article XI of the Plan, which provisions are incorporated herein by reference.

51. Construction; Interpretation. The failure to specifically describe or include any particular provision of the Plan or any related document in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Plan (including any exhibits thereto and the Plan Supplement) be approved and confirmed in its entirety. Except as expressly provided by this Order, each provision of the Plan is valid and enforceable in accordance with its terms and is nonseverable and mutually dependent. In the event of any conflict between the Plan, on the one hand, and any other agreement, instrument or document intended to implement the provisions of the Plan, on the other, the provisions of the Plan shall govern (unless otherwise expressly provided for in such agreement, instrument or document). In the event of any conflict between this Order and the Plan or any other agreement, instrument or document intended to implement the provisions of the Plan, the terms of this Order shall govern

52. Final Order. Notwithstanding Bankruptcy Rules 3020(e), 6004(h), 6006(d) and 7062, or any other applicable Bankruptcy Rule, the Court finds that there is no reason for delay in the implementation of this Confirmation Order and, thus, this Confirmation Order shall be effective and enforceable immediately upon entry.

Dated: May 10, 2017
Wilmington, Delaware

Kevin Gross

The Honorable Kevin Gross
United States Bankruptcy Judge



55151/0001-13827049v5